UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAN  FREEMAN | CIVIL ACTION |
| VERSUS | NO. 14-311<br>c/w  14-624 |
| PHILLIPS 66 COMPANY, ET AL | SECTION  "N"  (4) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand (Rec. Doc. 11).   Two defendants have

filed opposition memoranda (Rec. Docs. 17 and 39), the plaintiff has filed two reply memoranda

(Rec. Docs. 34 and 44), and North River has filed a sur-reply (Rec. Doc. 46).

## I. BACKGROUND:

Plaintiff brought this suit in Civil District Court, Parish of Orleans, against four Jones Act

defendants and several non-Jones Act defendants, seeking damages for alleged exposure to

drilling mud additives that contained asbestos.   Rec. Doc. 1-1 at 1-10.   On January 31, 2014,

approximately three years into the litigation, plaintiff filed a First Supplemental and Amending

Petition for Damages, adding certain new defendants, including North River Insurance Company

("North River"), and adding a general maritime law claim against the non-Jones Act defendants.

Rec. Doc. 1-1 at 13-18.   On February 10, 2014, Chevron Phillips Chemical Company LP

("CPChem") removed the action to this Court, asserting that the case is within this Court's

admiralty jurisdiction (28 U.S.C. § 1333) and is removable pursuant to 28 U.S.C. § 1441(a).   On

March 17, 2014, North River filed a separate notice of removal, invoking admiralty jurisdiction

(28 U.S.C. § 1333), as well as asserting that federal question jurisdiction exists pursuant to the

Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.* and 28 U.S.C. § 1331.

*See* Civil Action No. 14-624, Rec. Doc. 1.

## II.    LAW AND ANALYSIS:

### A.    Timeliness:

As a threshold matter, the Court rejects the plaintiff's argument that removal is untimely.

Although the matter had been pending in state court for nearly three years, the amending petition

named North River as a new defendant.  Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach

defendant shall have 30 days after receipt by or service on that defendant of the initial pleading

or summons...to file the notice of removal."  28 U.S.C. § 1441(b)(2)(B).[1]  Plaintiff does not

dispute that North River filed its Notice of Removal within thirty days of receiving service of the

amending petition.  Thus, pretermitting whether CPChem's notice of removal was timely under

---

[1] Although the Fifth Circuit once followed the first-served-defendant rule, which was
based on the previous version of the removal statute, *see, e.g., Brown v. Demco, Inc.,* 792 F.2d
478, 481 & n. 11 (5th Cir.1986), Congress has now adopted the last-served-defendant rule, as
now provided in section 1446(b)(2)(B) and (C).  *See* Federal Courts Jurisdiction and Venue
Clarification Act of 2011 ("FCJVCA"), Pub. L. No. 112–63 § 103, 125 Stat. 758, 760 (2011).
The FCJVCA amendments apply to "any action...commenced on or after [the Act's] effective
date" of January 6, 2012.  *See* Pub. L. No. 112–63 § 105, 125 Stat. 758, 762 (2011).  Actions
removed from state court are "deemed to commence on the date the action was commenced,
within the meaning of State law, in State court."  *Id.*  Under Louisiana law, "amendments that
add a defendant 'commence' the civil action as to the added party."  *Braud v. Transport Service
Co. of Illinois,* 445 F.3d 801, 804 (5th Cir. 2006) (construing similar "commenced on or after"
language in the Class Action Fairness Act of 2005 (CAFA)); *cf. Felder v. Countrywide Home
Loans,* 2013 WL 6805843 *2-3 (S.D. Tex. 2013) (applying FCJVCA amendments where suit
was filed in Texas state court before effective date but amended pleading adding new defendant
was filed and served after effective date).  Therefore, the FCJVCA amendments apply to North
River's notice of removal, both for the question of timeliness and for the removability issues
discussed *infra.*

section 1446(b)(2)(C), the Court finds that North River's notice of removal was timely and, thus, that the matter was timely removed.  Furthermore, as North River was not a party to the litigation prior to being served with the amending petition, plaintiff's waiver argument cannot prevail.

**B.**    **OCSLA Juridiction:**

If the Court has jurisdiction under OCSLA, as North River maintains, then removal of the action was proper, for it is now settled that where OCSLA jurisdiction exists, a defendant may remove on the basis of federal question jurisdiction even if general maritime law provides the substantive law.  *See Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 223 (5th Cir. 2013).[2]

The burden is on the party seeking to establish subject matter jurisdiction, who must prove it "by a preponderance of the evidence."  *Young v. United States,* 727 F.3d 444, 446 (5th Cir. 2013).   One of the essential elements of OCSLA jurisdiction is that the facts underlying the complaint must have occurred on an OCSLA situs.  *Barker,* 713 F.3d at 213.  "The jurisdictional grant in OCSLA is broad, covering a wide range of activity occurring beyond the territorial waters of the states."  *Id.* (emphasis added) (citations and quotation marks omitted).   It covers the Outer Continental Shelf ("OCS") and all artificial islands, installations and other devices "permanently or temporarily attached to the seabed, which may be erected thereon [*i.e.*, on the OCS] for the purpose of exploring for, developing, or producing resources therefrom [*i.e.*, from the OCS]" or for transporting such resources. 43 U.S.C. § 1333(a)(1).   The OCS "consists of the

[2]  OCSLA would also trigger 28 U.S.C. § 1441(c), which permits removal of an action which includes a claim "arising under" federal law for purposes of 28 U.S.C. § 1331 (federal question jurisdiction) even if it is joined with a claim "that has been made nonremovable by statute," such as a Jones Act claim.  Upon removal of such an action, the Court is required to sever and remand the nonremovable claims.  28 U.S.C. § 1441(c)(2).

seabed and natural resources underlying the coastal waters greater than three geographical miles from the coastline." *Barker,* 713 F.3d at 213 n.3 (emphasis added); 43 U.S.C. §§ 1331, 1301(a).

In this case, it appears from the petition that at least part of the plaintiff's alleged exposure to asbestos-containing products occurred "on offshore oil rigs in the Gulf of Mexico." Rec. Doc. 1-1 at 5. Further, North River has submitted excerpts of deposition testimony in which the plaintiff attests to having worked on a semi-submersible drilling vessel (the *Century*) attached to the seafloor with anchors, as well as a fixed platform installed in the Gulf of Mexico. *See* Civil Action No. 14-624, Rec. Doc. 1-4. However, neither the petition nor the deposition testimony supports a finding that the relevant facts occurred in connection with operations on the Outer Continental Shelf (OCS) as opposed to operations in state waters within the three-mile limit.

Citing to an opinion involving the well-known *Deepwater Horizon*,[3] North River argues that semi-submersible vessels are capable of drilling in the "deeper waters of the OCS." Rec. Doc. 39 at 9. Yet, there are no facts or evidence before the Court to support a finding that the semi-submersible rig here (the *Century*) is at all comparable to the dynamically-positioned deepwater drilling vessel involved in the oil spill.[4] More importantly, even if the record could support a finding that the *Century* was capable of working on the OCS, to deduce therefrom that the *Century* was in fact working on the OCS at the time of the plaintiff's alleged exposure would

---

[3] *United States v. Kaluza*, 2013 WL 6490341 (E.D. La. 2013).

[4] Indeed, a comparison of the brief description of the *Century* (contained in the deposition excerpts) with the description of the *Deepwater Horizon* (contained in the *Kaluza* opinion) suggests that the vessels were fundamentally quite different.

require a leap for which there is no support.

Likewise, fixed platform rigs are not confined to the OCS, but exist on both sides of the three-mile limit. *See, e.g.*, *Herb's Welding, Inc. v. Gray,* 470 U.S. 414, 416-19 (1985) (plaintiff injured on fixed platform located within Louisiana territorial waters); *Richard v. Apache Corp.*, 111 So.3d 1156, 1157 (La. Ct. App. 3rd Cir.) (plaintiff injured on "fixed platform off the shore of Cameron Parish, Louisiana located within state territorial waters"), *writ denied*, 118 So.3d 416 (La. 2013).  While it is possible that certain of the plaintiff's alleged exposures occurred on an OCSLA situs, it is equally likely that all the plaintiff's alleged exposures occurred on rigs in state waters.  Based upon the record presented, it would be sheer speculation to find that any alleged exposure occurred on the OCS or in connection with an operation on the OCS.  Thus, North River has failed to carry its burden of establishing OCSLA jurisdiction by a preponderance of the evidence.

C.  **Admiralty Jurisdiction**:

The remaining jurisdictional basis cited for removal is admiralty jurisdiction under 28 U.S.C. § 1333.  Without question, the plaintiff's Jones Act claims could have been brought within this Court's admiralty jurisdiction if he had so elected.  *See Doucet v. Wheless Drilling Co.,* 467 F.2d 336, 339 (5th Cir. 1972) ("A seaman having a Jones Act claim may elect the remedy of a suit in admiralty or civil action at law."); *Panama R. Co. v. Johnson*, 264 U.S. 375, 391 (1924) (Jones Act leaves "leaves the injured seaman free...to assert his right of action...on the admiralty side of the court" where "the issues will be tried by the court" or "on the common-law side there will be a right of trial by jury.").  However, Jones Act claims are nonremovable as a matter of statutory law (46 U.S.C. § 30104, 28 U.S.C. § 1445(a)).  Even the

defendants concede that the Jones Act claims must be remanded if the Court retains jurisdiction over the products liability claims.[5]   Thus, the non-Jones Act claims must stand on their own.

### 1.    Does Admiralty Jurisdiction Exist for the Non-Jones Act Claims?

Both plaintiff and defendants gloss over the question of whether admiralty jurisdiction exists with respect to the claims against the non-Jones Act defendants (alleged manufacturers and sellers of asbestos-containing drilling mud additives), leaping directly into the fray over whether the claims are removable under 28 U.S.C. § 1441.   "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (citing *Sisson v. Ruby*, 497 U.S. 358 (1995)).   The location test is satisfied if it is shown that the tort occurred on navigable water or that the injury was caused by a vessel in navigable water.   *Id.* at 534-35.   The connection test has two requirements.   First, the incident at issue must be of a type which has a "a potentially disruptive impact on maritime commerce."   *Id.* at 534.   Second, a court must determine whether the "general character of the activity giving rise to the incident" must bear a "substantial relationship to particularly maritime activity."   *Id.*

By asserting that the general maritime law applies to his claims against the non-Jones Act defendants (to the extent the defendants' products were used offshore), the plaintiff tacitly agrees

---

[5]   The defendants rely on 28 U.S.C. § 1441(c), which permits removal of an action which includes a claim "arising under" federal law for purposes of 28 U.S.C. § 1331 (federal question jurisdiction) even if it is joined with a claim "that has been made nonremovable by statute," such as a Jones Act claim.   Upon removal of such an action, the Court is required to sever and remand the nonremovable claims.   28 U.S.C. § 1441(c)(2).   As discussed *infra*, the Court concludes that 1441(c) does not apply.

with the defendants' assertion that admiralty jurisdiction exists over these claims.  *See May v. Transworld Drilling Co.,* 786 F.2d 1261, 1265 (5ᵗʰ Cir.) ("The test to determine the existence of a cause of action in maritime tort is identical with that applied to determine jurisdiction in admiralty."), *cert. denied*, 479 U.S. 854 (1986).   The Fifth Circuit's opinion in *Scarborough v. Clemco Industries,* 391 F.3d 660, 665 (5ᵗʰ Cir. 2004), tends to support such a conclusion.  The Court need not grapple further with the issue, however, for it has found the claims to be nonremovable on other grounds, even if admiralty jurisdiction exists.

2.    **Can *In Personam* Claims at Law Be Removed Solely on the Basis of Admiralty Jurisdiction?**

It is undisputed that prior to 2012, general maritime claims were not removable on the basis of admiralty jurisdiction and could be removed only if a separate basis for jurisdiction existed, such as diversity.  *In re Dutile,* 935 F.2d 61, 62-63 (5ᵗʰ Cir. 1991).  The Fifth Circuit's holding in *Dutile* was grounded in the text of 28 U.S.C. § 1441(b), as it read prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"):

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006).  Because maritime claims are not "founded on a claim or right arising under the Constitution, treaties or laws of the United States,"[6] the *Dutile* court reasoned that such claims were subject to the in-state-defendant bar to removal found in section 1441(b), as it was

---

[6]  *Dutile,* 935 F.2d at 63 ("Emphatically, claims in admiralty, whether designated *in rem* or *in personam*, do not fall within this category.") (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959)).

worded at the time.  Thus, admiralty and maritime claims could be removed to federal court "only by non-forum defendants and only where there [wa]s complete diversity of citizenship." *Dutile,* 935 at 63.  After the FCJVCA amendments, section 1441(b) now reads:

> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (2013).

The FCJVCA amendments removed the language from section 1441(b) upon which the *Dutile* opinion hinged.  On this basis, the removing defendants argue that the amendment renders the *Dutile* rule obsolete.  Several district courts in this Circuit have agreed with this rationale.  *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp.2d 772, 774-78 (S.D. Tex. 2013) (Miller, J.); *see also Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. 1/31/2014) (Werlein, J.) (following *Ryan*); *Bridges v. Phillips 66 Co.*, No. 13-477, 2013 WL 6092803, *4-5 (M.D. La. 11/19/2013) (same); *Wells v. Abe's Boat Rentals Inc.*, No. 13-1112,  2013 WL 3110322, *1-4 (S.D. Tex. 6/18/2013) (Rosenthal, J.) (same).   This Court, too, has once followed the course set by *Ryan*.[7]  Subsequent district court opinions have raised serious questions as to whether other bars might exist to the removability of claims on the basis of admiralty jurisdiction, independent of the changes made to the in-state-defendant provision in section 1441(b).  *See Barry v. Shell Oil Co.*, 2014 WL 775662 (E.D. La. 2/25/2014) (Zainey, J.) (holding that the "saving to suitors" clause barred removal where the plaintiff had requested a jury trial, a remedy not available where admiralty is the sole basis of jurisdiction); *Coronel v. AK Victory,* 2014 WL 820270 (W.D. Wash. 2/28/2014)

---

[7] *See Tilley v. American Tugs, Inc.,* Civil Action No. 13-6104 (E.D. La. 1/16/2014) (Engelhardt, J.).

8

(holding that 28 U.S.C. § 1333 does not confer original federal subject matter jurisdiction over maritime claims brought at law and that defendants may not convert a plaintiff's suit at law to one in admiralty in order to obtain a federal forum); *cf. Perio v. Titan Maritime, LLC*, 2013 WL 5563711 *10-14 (S.D. Tex. 10/8/2013) ("it is unclear to the court whether the saving to suitors clause contained in 28 U.S.C. § 1333 is an Act of Congress that would proscribe removal on the basis of the federal courts' original admiralty jurisdiction").  The Court need not answer these questions today, however, for it finds the claims to be nonremovable pursuant to the Jones Act.

**D.      Nonremovability of Jones Act Claims:**

Jones Act claims are nonremovable as a matter of statutory law.  46 U.S.C. § 30104; 28 U.S.C. § 1445(a); *see Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438, 455 (2001); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court.").  Recognizing this, the defendants argue that the suit is nonetheless removable pursuant to 28 U.S.C. § 1441(c), which provides:

> **(c) Joinder of Federal law claims and State law claims.– (1)**  If a civil action includes–
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (2013).  Prior to the FCJVCA amendments, section 1441(c) provided:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2006).  The defendants argue that the new text, which eliminates the difficult-to-meet "separate and independent" requirement, permits the removal of the non-Jones Act claims in this case, while allowing for the Jones Act claims to severed and remanded.

The Court agrees that where section 1441(c) applies, it does permit the removal of suits that otherwise would be nonremovable due to the inclusion of a Jones Act claim.[8]  However, section 1441(c), by its very terms, does not apply in this case.  Although section 1441(c) has been modified substantially, it still applies only where the nonremovable claim is joined with a claim "arising under the Constitution, laws, or treaties of the United States" or, in the terms of the earlier text, a claim "within the jurisdiction conferred by section 1331."  28 U.S.C. § 1441(c) (2013); 28 U.S.C. § 1441(c) (2006).  In other words, both versions of section 1441(c) apply only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331.  "Emphatically, claims in admiralty, whether designated *in rem* or *in personam*, do not fall within this category."  *Dutile,* 935 F.2d at 63 (citing *Romero,* 358 U.S. at 378).  Because admiralty jurisdiction provides the only basis for removal in this case, section 1441(c) does not apply.[9]  Thus,

---

[8]  This Court, applying the earlier text, has held that a Jones Act claim joined with an "arising under" federal question claim may be removed pursuant to section 1441(c).  *See Roser v. Belle of New Orleans, L.L.C.,* 2003 WL 22174282 E.D. La. 2003) (Engelhardt, J.).

[9]  *See Toups v. Archer Daniels-Midland Co.*, 155 F.R.D. 588, 590 (S.D. Tex. 1994) (general maritime claims do not give rise to federal question jurisdiction; thus § 1441(c) cannot

even if the claims are otherwise removable on the basis of admiralty jurisdiction, which the Court does not decide (*see* discussions *supra*), the defendants cannot overcome the statutory bar to removal in 28 U.S.C. § 1445(a), which is made applicable by 46 U.S.C. § 30104.[10]

Although the 28 U.S.C. § 1445(a) bar to removal can be waived,[11] the plaintiff has done nothing to waive his rights in this case, and North River's argument to the contrary[12] is without basis. Eighteen days after the case was removed by CPChem, the plaintiff filed a motion to remand, arguing *inter alia* that the case was nonremovable due to the Jones Act claims.[13]   His position has

---

apply where only non-Jones Act claims alleged are maritime claims); *Mosquitto v. Conn. Specialty Ins. Co.*, 1997 WL 714860 *2 (E.D. La. 1997) ("General maritime claims, although federal in nature, are not "federal question claims" for purposes of § 1331 subject matter jurisdiction....Therefore, since Mosquitto's petition alleges a non-removable Jones Act claim, and general maritime law claims which do not fall under the jurisdiction of § 1331, this case is not removable under § 1441(c).").

[10]   This issue was not controlling in any of the Southern District of Texas cases relied upon by the defendants.  In *Ryan*, the plaintiff was a *Sieracki* seaman, not a Jones Act seaman. 945 F. Supp. 2d at 773.  In *Carrigan*, the Court found the plaintiff's Jones Act claims to be fraudulently pleaded and thus no bar to removal.  2014 WL 358353 at *2.  And, in *Wells*, the Court found OCSLA jurisdiction to be supported, thus properly triggering the application of section 1441(c).  2013 WL 3110322 at *3-4.

[11]   *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117-18 (5ᵗʰ Cir. 1987).

[12]   Rec. Doc. 46 at 2 ("Plaintiff also argues for the first time in the Reply...that the presence of a Jones Act claim somehow precludes removal of the entire civil action....[P]laintiff failed to include this argument in the Motion to Remand (Rec.Doc. 11), thereby waiving this non-jurisdictional argument based upon an alleged removal defect.").

[13]   *See* Rec. Doc. 11-1 at 3 of 9, wherein plaintiff argues:

> In Jones Act cases, it has been axiomatic for decades that they are not removable. Plaintiff submits that, until the Fifth Circuit weighs in on the conflict among the district courts[i], the proper decision is the one guided by the United States Supreme Court in *Romero* and its progeny.  That is, Jones Act cases are not removable absent an independent basis for jurisdiction in the federal courts.  In the case at bar, there

been consistent.  Moreover, the plaintiff's more forceful argument on the issue, made in his reply

to North River[14] (and to which North River objects as waived and untimely), was asserted well

within the thirty-day period for filing a motion to remand in response to North River's notice of

removal.  *See* 28 U.S.C. § 1447(c).   For all of these reasons, the Court finds that the plaintiff's

statutory basis for opposing removal was preserved and timely asserted.

Accordingly;

**IT IS ORDERED** that plaintiff's Motion to Remand **(Rec. Doc. 11)** is hereby **GRANTED**,

and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans,

New Orleans, Louisiana, this 8th day of April, 2014.

**KURT D. ENGELHARDT**
**United States District Judge**

---

is no independent basis for federal jurisdiction and thus this case should be remanded
back to state court.

[1] It does not appear that the Fifth Circuit would agree with the *Ryan*
decision. *See Barker v. Hercules Offshore, et al.*, 713 F.3d 208 (5th
Cir. 2013) ("even though federal courts have original jurisdiction
over maritime claims under 28 U.S.C. § 1333, they do not have
removal jurisdiction over maritime cases which are brought in state
court. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79
(1959). Instead, such lawsuits are exempt from removal by the
"saving-to-suitors" clause of the jurisdictional statute governing
admiralty claims, see id., and therefore may only be removed when
original jurisdiction is based on another jurisdictional grant, such as
diversity of citizenship. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)).

[14] *See* Rec. Docs. 40, 43 and 44.

12